## In re LOUGHNEY et al.

(District Court, W. D. Washington, N. D.	December 29, 1914.)

### No. 5190.

1. BANKRUPTCY (§ 483*)—COSTS—FEES OF CLERK.

Custom of a clerk's office to charge 40 cents for each copy of petition, order, and notice of a bankrupt's application for discharge, or the fact that clerks in other districts made such charge, did not establish the clerk's right to do so.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 887; Dec. Dig. § 483.*]

**2.** BANKRUPTCY (§ 483*)—APPLICATIONS FOR DISCHARGE—PETITION—NOTICE—
COPIES—FEES.

Bankr. Act July 1, 1898, c. 541, § 58a, 30 Stat. 561, as amended by Act
June 25, 1910, c. 412, § 9½, 36 Stat. 841 (Comp. St. 1913, § 9642), provides
that creditors shall have 30 days' notice of all applications for discharge,
and section 52a (section 9636) declares that clerks shall receive as full
compensation for their services to each estate a filing fee of $10, except
when a fee is not required from a voluntary bankrupt. General Order
35 (89 Fed. xiii, 32 C. C. A. xiii) provides that the fees allowed to clerks
shall be in full compensation for all services performed in regard to
filing petitions or other papers required by the act to be filed by them, or
in certifying or delivering or paying out money, "but shall not include
copies furnished to other persons or expenses necessarily incurred in pub-
lishing or mailing notices or other papers." *Held* that, while clerks are
required and authorized to send out to creditors copies of a bankrupt's ap-
plication for a discharge and notice, etc., they are not entitled to charge
therefor under Rev. St. §§ 828, 840 (Comp. St. 1913, §§ 1383, 1405), au-
thorizing clerks in Washington to charge for a copy of an entry of record
or any paper on file 20 cents a folio; the clerks for sending out such no-
tices being only entitled to charge the necessary expense incurred in pub-
lishing and mailing notices.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 887; Dec.
Dig. § 483.*]

In Bankruptcy. In the matter of bankruptcy proceedings of A. M.
Loughney and Neal Loughney. On motion by the bankrupts for an
order directing the clerk to send out an order and notice of the bank-
rupt's application for discharge. Motion denied.

G. A. Custer, of Seattle, Wash., for the motion.

NETERER, District Judge. The bankrupts herein move the court
for an order directing the clerk "to compare with the original petition
of said bankrupts for discharge and order of notice thereon on file
herein, the copies of said petition and order, stamped, addressed, and
furnished to said clerk by said bankrupts, and to forthwith mail said
copies." This motion is supported by affidavit in which it appears, in
substance, that upon filing petition for discharge and obtaining an or-
der thereon the bankrupts have had printed a sufficient number of
true copies of the order and notice on postal cards, duly addressed to
all of the known creditors, and requested the clerk to compare the
same and mail such notices to the creditors, which the clerk declined
to do, until his services for such work were paid, which was fixed at
the sum of 40 cents for each notice.

An answering affidavit is filed by the clerk, in which he states that
the charge for mailing such notices is the charge which was made by
his predecessors in office, the charge that has been uniformly made in
his office, and is the charge that is made by the clerk of the district
of Oregon, and likewise in the Eastern district of Washington; that
such charge is in excess of the cost of preparing and mailing such no-
tices, but that the charge is in conformity with the statute; and that it
is his duty as the clerk and agent for the government to make such
charge and collect such fee, irrespective of who may prepare such no-
tices, or the actual cost of preparing the same, his office being a fee
office.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The fact that for a long period of time the clerk's office has made a charge of 40 cents for such notices would not establish a right thereto, nor would the fact that clerks in other districts make such charge. From the record it appears that there is not a uniformity of charges for such service, except in Washington and Oregon.

[2] The Bankruptcy Act provides that the creditors shall have "thirty days' notice of all applications for the discharge of bankrupts" (section 58a of Bankruptcy Act, as amended June 25, 1910), and pursuant to official form No. 57, the clerk was ordered to send by mail to all creditors copies of said petition and order, addressed to them at their places of residence as stated. Section 52a, supra, provides that:

"Clerks shall respectively receive as full compensation for their services to each estate, a filing fee of ten dollars, except when a fee is not required from a voluntary bankrupt."

General Order 35 (89 Fed. xiii, 32 C. C. A. xiii), promulgated by the Supreme Court pursuant to section 30a of the Bankruptcy Act provides:

"1. The fees allowed by the act to clerks shall be in full compensation for all services performed by them in regard to filing petitions or other papers required by the act to be filed with them, or in certifying or delivering or paying out moneys; *but shall not include copies furnished to other persons, or expenses necessarily incurred in publishing or mailing notices or other papers.*"

Rule 10 of General Orders (89 Fed. vi, 32 C. C. A. vi), supra, provides that:

"Before incurring any expense in publishing or mailing notices, the clerk may require from the bankrupt indemnity for such expense.

Under the provisions of this act it manifestly appears that the only fixed charge to be made by the clerk is $10, which is paid upon the inauguration of the bankruptcy proceeding, and when an affidavit in forma pauperis is filed no fee can be exacted. The concluding phrase in General Order 35, supra, however, provides that the clerk shall be paid *expenses necessarily incurred in publishing or mailing notices or other papers.*

It is suggested by the clerk that his charge is based upon sections 828 and 840 of the Revised Statutes of the United States (Comp. St. 1913, §§ 1383, 1405). Section 828 provides that a charge shall be made, "for a copy of any entry or record, or of any paper on file, for each folio, ten cents."

Each notice and petition contained two folios, and section 840, supra, provides that in Washington and other states named the fees provided by section 828 shall be double, making a charge of 40 cents (after January 1, 1915, under the act of Congress of August 1, 1914, the double fee provision will not apply in Washington or Oregon). And it is contended that by General Order 35 (89 Fed. xiii, 32 C. C. A. xiii) the notices and petitions were copies furnished to other persons, for which a charge would be allowed, and there being no other provision of law more nearly applicable, section 828, supra, would apply.

I do not think that the phrase referred to has any relation to the charges as set forth in this case, as that clearly must refer to copies of records of the bankruptcy proceeding furnished to persons making a demand therefor, other than notices, etc., to creditors, and has no relation to the preparation of notices or copies of petitions and mailing the same as required by the act. If that construction should be adopted, then the clerk should charge 40 cents for each notice and petition, and an additional charge for expenses necessarily incurred in publishing, mailing, etc. Section 30, supra, does not empower the Supreme Court to provide for compensation to the clerk. It does empower the court to make all "rules, forms, and orders as to procedure, and for carrying them in force and effect." The expense incident to the preparation and mailing, etc., of the notices, etc., is necessary to carry the act in force, and this the rule 35 requires to be paid. The duties required of the clerk are in consummation of the purposes of the Bankruptcy Act, involving persons directly interested in the proceeding and not strangers (other persons) to the proceeding.

A consideration of the act makes it manifest that it was not the intention of the Congress to have the clerk paid a fee for services herein stated, but General Order 35 enlarges the scope of section 52a by requiring the payment of the clerk's expenses, etc., with relation to preparation and mailing of the notices. This is not as compensation to the clerk, but rather to reimburse him for expenses incurred in such publishing and mailing, pursuant to the court's order for carrying the act in force; one of the purposes of the act being to afford an honest creditor opportunity to be discharged from liabilities by surrendering all of his property, and the bankrupt in no sense can be considered a stranger (other person) to the record. The copies furnished to officers of the court are provided for in the $10 fee, and the charge for copies in issue is the expense incident thereto, which under rule 35, supra, may be charged. This refers to actual expense. The expense is practically the same in each case, and should be ascertained as nearly as possible and a charge made which is uniform and applied to all cases.

The duties of the clerk are exacting, and involve much responsibility. To properly discharge his duties he must keep an efficient corps of assistants, and the number of such assistants must depend upon the business of the office. I believe that the Supreme Court, by General Order 35, intended that the clerk should prepare or supervise the printing, mailing, etc., of the notices required, and did not intend that the field of the clerk should be invaded, and the prerogatives of his office usurped, and an arm of the court impaired by uncertainty in the discharge of such functions of his office, by persons preparing the copies of petition and notice, and require the clerk to certify and mail them. I think the clerk should prepare, or cause to be prepared, copies of petitions and notices, and mail to the creditors, as may be directed by the court, the expense thereof to be paid by the bankrupt.

The motion is denied, with direction to the clerk to make his charges in conformity to this opinion.